STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS (State Bar No. 095992)
EMAIL: MPERLIS@STROOCK.COM
ALLAN S. COHEN (State Bar No. 115532)
EMAIL: ACOHEN@STROOCK.COM
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CASUALTY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY, DOES 1-10, ROES 1-10, AND MOES 1-10, inclusive <br><br> Defendants. | Case No. CV 08-2701 VRW <br><br> **ANSWER OF DEFENDANT FEDERAL INSURANCE COMPANY** <br><br> [JURY TRIAL DEMANDED] |

Defendant Federal Insurance Company ("Federal") hereby answers the Complaint of Plaintiff California Casualty Insurance Company ("California Casualty") as follows:

## IDENTIFICATION OF PARTIES AND CONTRACTS

1. In answer to Paragraph 1 of the Complaint, Federal denies that it is proper to name fictitious defendants in a federal action and further denies that the term "Federal Insurance Company" or "Defendant" includes each of the fictitiously named Defendants. Federal is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies the remaining allegations contained therein.

2. In answer to Paragraph 2 of the Complaint, Federal admits that it conducts insurance business in the State of California and that it issued the insurance contract, which is attached as Exhibit A to the Complaint, the terms of which speak for themselves, to California Casualty. Federal denies that Exhibit A was entered into between Federal and California Casualty in San Mateo, California on the basis that the allegation is not factual in nature but is a legal conclusion for which no response is required. While the Superior Court of California for the County of San Mateo has jurisdiction, Federal has removed the action to this Court.

3. In answer to Paragraph 3 of the Complaint, Federal admits that California Casualty has its home office in San Mateo, California and conducts insurance business in the State of California. Federal further admits that certain issues in this action arise from underlying litigation relating to the insurance policy attached as Exhibit B to the Complaint. Except as so admitted, Federal denies each and every remaining allegation in Paragraph 3.

4. In answer to Paragraph 4 of the Complaint, Federal admits that in September, 2001 it issued Exhibit A, the terms of which speak for themselves, to California Casualty. Except as so admitted, Federal denies each and every remaining allegation in Paragraph 4.

**ALLEGATIONS OF FACT, COMMENTS TO ALL CAUSES OF ACTION**

5. In answer to Paragraph 5 of the Complaint, Federal admits that Mr. and Mrs. James Harold were insured under a policy of homeowners insurance issued by California Casualty. Federal further admits that the Harolds claimed that a water leak had occurred in their residence causing damage. Federal is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

- 1 -

LA 51053650

6. In answer to Paragraph 6 of the Complaint, Federal admits that California Casualty performed certain insurance services and adjustment services for the Harolds' claim. Federal is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. In answer to Paragraph 7 of the Complaint, Federal asserts that the inclusion of multiple paragraphs within a single numbered paragraph is improper and results in allegations which are vague and ambiguous. Federal admits that the Harolds allege that their residence incurred water damage and the growth of mold. Federal further admits that the Harolds retained counsel with regard to their claim against California Casualty. Federal further admits that the Harolds' claim against California Casualty was in excess of the limits set forth in Exhibit B to the Complaint. Federal further admits that it first received notice of California Casualty's claim on July 3, 2002 by means of a letter dated June 27, 2002. Federal further admits that Exhibit C purports to be the Harolds' trial brief. Except as so admitted, Federal denies each and every remaining allegation contained in Paragraph 7.

8. In answer to Paragraph 8 of the Complaint, Federal admits that the Harolds filed a lawsuit against California Casualty and that the First Amended Complaint in that action is attached to the Complaint as Exhibit D. Federal further admits that California Casualty retained counsel to represent its interests and that it incurred attorneys' fees and expenses in defense of said action. Except as so admitted, Federal denies each and every remaining allegation in Paragraph 8.

9. In answer to Paragraph 9 of the Complaint, Federal asserts that the inclusion of multiple paragraphs within a single numbered paragraph is improper and results in allegations which are vague and ambiguous. Federal admits that the Harolds' lawsuit was tried in Sacramento Superior Court on or about February 21, 2006 and that a jury verdict was rendered. Federal further admits that California

Casualty settled the lawsuit in a mediation subsequent to the conclusion of trial. Federal further admits that a representative of Federal attended that mediation. Except as so admitted, Federal denies each and every remaining allegation contained in Paragraph 9.

10. In answer to Paragraph 10 of the Complaint, Federal denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

11. In answer to Paragraph 11 of the Complaint, Federal admits or denies the allegations incorporated into Paragraph 11 as set forth above in its Answers to Paragraph 1 through 10.

12. In answer to Paragraph 12 of the Complaint, Federal admits that it issued Exhibit A, the terms of which speak for themselves, to California Casualty. Federal further admits that it first received notice of a claim from California Casualty on July 3, 2002 by means of a letter dated June 27, 2002 which had as an attachment a letter dated June 19, 2002 from counsel for the Harolds. Except as so admitted, Federal denies each and every remaining allegation contained in Paragraph 12.

13. In answer to Paragraph 13 of the Complaint, Federal admits that in response to its request, California Casualty provided copies of certain of its files relating to the Harolds' Lawsuit and further admits to communications between California Casualty and Federal during the pendency of the trial and mediation. Except as so admitted, Federal denies that California Casualty cooperated with it and further denies each and every remaining allegation in said Paragraph 13.

14. In answer to Paragraph 14 of the Complaint, Federal denies each and every allegation contained therein.

15. In answer to Paragraph 15 of the Complaint, Federal admits that California Casualty has submitted a claim for fees and costs associated with the

Harolds' claim. Except as so admitted, Federal denies each and every remaining allegation contained in Paragraph 15.

16. In answer to Paragraph 16 of the Complaint, Federal denies each and every allegation contained therein.

17. In answer to Paragraph 17 of the Complaint, Federal denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### (Bad Faith Breach of Contract)

18. In answer to Paragraph 18 of the Complaint, Federal admits or denies the allegations incorporated into Paragraph 18 as set forth above in its Answers to Paragraphs 1 through 17.

19. In answer to Paragraph 19 of the Complaint, Federal denies each and every allegation contained therein on the basis that the allegations are not factual in nature but are legal conclusions for which no response is required. Federal denies that it has breached any contractual or legal duty.

20. In answer to Paragraph 20 of the Complaint, Federal admits that it first received notice of California Casualty's claim on July 3, 2002, by means of a letter dated June 27, 2002. Federal further admits that subsequent to its initial coverage letter, California Casualty requested reconsideration, and Federal issued supplemental insurance coverage letters. Federal further admits that its attended settlement conferences and a mediation in the Harolds' action. Except as so admitted, Federal denies each and every remaining allegation contained in Paragraph 20 and denies that it has breached any contractual or legal duty.

21. In answer to Paragraph 21 of the Complaint, Federal admits that it participated in settlement conferences and mediation sessions. California Evidence Code Section 1119(a) and Federal Rule of Evidence 408 preclude disclosure of settlement communications. Except as so admitted, Federal denies each and every

- 4 -

LA 51053650

remaining allegation contained in paragraph 21 and denies that it has breached any contractual or legal duty.

22. In answer to Paragraph 22 of the Complaint, Federal denies each and every allegation contained therein and denies that it has breached any contractual or legal duty.

## AFFIRMATIVE DEFENSES

As for its affirmative defenses, Federal alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against Federal for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. California Casualty's claims, and each of them, are barred, in whole or in part, by the terms, conditions, definitions, exclusions, limitations, endorsements and other provisions of the Federal Policy which is attached as Exhibit A to the Complaint.

### THIRD AFFIRMATIVE DEFENSE

3. California Casualty's claims, and each of them, are barred, in whole or in part, by its breach(es) of its own contractual obligations under the Federal Policy which is attached as Exhibit A to the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

4. California Casualty's claims, and each of them, are barred, in whole or in part, pursuant to the "ill-gotten gains doctrine."

### FIFTH AFFIRMATIVE DEFENSE

5. California Casualty's second claim for "bad faith" is barred, because Federal, at all times, acted reasonably and in good faith.

### SIXTH AFFIRMATIVE DEFENSE

6. California Casualty's second claim for "bad faith" claim is barred, as there are no benefits due California Casualty under the Federal Policy, which is

- 5 -

LA 51053650

required for California Casualty to establish a breach of the implied covenant of good faith and fair dealing under California law.

### SEVENTH AFFIRMATIVE DEFENSE

7. California Casualty's claims, and each of them, are barred, by the "known loss" doctrine, codified at California Insurance Code Section 22 and 250.

### EIGHTH AFFIRMATIVE DEFENSE

8. California Casualty's claims, and each of them, are barred, in whole or in part, by the California Public Policy against indemnification of willful and fraudulent conduct, as codified in Insurance Code Section 533.

### NINTH AFFIRMATIVE DEFENSE

9. California Casualty's claims, and each of them, are barred, in whole or in part, by the Exclusion 4(a) of Exhibit A to the extent that claims are based upon, arise from or are in consequence of any demand, suit or other proceeding, pending or prior to September 1, 2001.

### TENTH AFFIRMATIVE DEFENSE

10. California Casualty's claims, and each of them, are barred, in whole or in part, by Exclusion 4(b) of Exhibit A in that the claims are based upon, arise from, or are in consequence of deliberately fraudulent acts or omissions.

### ELEVENTH AFFIRMATIVE DEFENSE

11. California Casualty's claims, and each of them, are barred, in whole or in part, by Exclusion 4(g) of Exhibit A in that the claims are based upon, arise from or are in consequence of a claim of mental or emotional distress, sickness or disease.

### TWELFTH AFFIRMATIVE DEFENSE

12. California Casualty's claims, and each of them, are barred, in whole or in part, by Exclusion 4(h) of Exhibit A in that the claims are based upon, arise from or are in consequence of the dispersal of Pollutants and the direction or request that California Casualty test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the Pollutants.

LA 51053650

### THIRTEENTH AFFIRMATIVE DEFENSE

13.  California Casualty's claims, and each of them, are barred, in whole or in part, by Exclusion 4(p) of Exhibit A in that the claims are based upon, arise from or are in consequence of a claim which constitutes benefits, coverage or amounts due pursuant to Exhibit B.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.  California Casualty's claims, and each of them, are barred, in whole or in part, by Exclusion 4(s) of Exhibit A in that the claims are based upon, arise from or are in consequence of a contract between California Casualty and Westmont Construction, Inc.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.  California Casualty's claims, and each of them, are barred, in whole or in part, because California Casualty breached the Defense and Settlement provision (Section 7) of Exhibit A, including without limitation, entering into an unreasonable settlement; making a voluntary payment without obtaining the consent of Federal; assuming a contractual obligation without obtaining consent; failing to cooperate; and taking actions that may prejudice Federal's position or its rights of recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.  California Casualty's claims, and each of them, are barred, in whole or in part, because California Casualty breached the Action Against the Company provision (Section 19) of Exhibit A, including without limitation, failure to cooperate with Federal; failure to abide by Federal's litigation management guidelines; and its failure to satisfy the deductible(s) set forth in Exhibit A.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.  California Casualty's second claim for "bad faith" claim is barred, under the "genuine dispute doctrine."

LA 51053650

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. California Casualty's claims, and each of them, are barred, because of California Casualty's unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Federal reserves its right to amend its Answer to allege additional affirmative defenses as may be warranted by discovery.

## RELIEF REQUESTED

WHEREFORE, Federal prays for judgment as follows:

1. That Plaintiff California Casualty, take nothing by way of the Complaint, that the Complaint be dismissed with prejudice and that judgment be rendered in favor of Federal;

2. That Federal be awarded its attorneys' fees incurred in the defense of this action;

3. That Federal be awarded its costs of suit incurred in the defense of this action; and

4. That Federal be awarded such other further relief as the Court may deem just and proper.

Dated: May 29, 2008

STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS
ALLAN S. COHEN

By: /s/ Michael F. Perlis
Michael F. Perlis

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

- 8 -

LA 51053650

## JURY TRIAL DEMANDED

Federal Insurance Company demands trial by jury under Federal Rules of Civil Procedure, Rule 38(a).

Dated: May 29, 2008

STROOCK & STROOCK & LAVAN LLP
MICHAEL F. PERLIS
ALLAN S. COHEN

By: _____
Michael F. Perlis

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

LA 51053650

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On May 29, 2008, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT FEDERAL INSURANCE COMPANY [JURY TRIAL DEMANDED]** on the interested parties in this action as follows:

> David C. Werner, Esq.
> Bryan E. Quilo, Esq.
> Law Offices of David C. Werner
> 23422 Mill Creek Drive, Suite 110
> Laguna Hills, California 92653

☐ **(VIA PERSONAL SERVICE)** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☒ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐ **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐ **(VIA ELECTRONIC CASE FILING)** I filed electronically the documents listed above, using the [court name]'s electronic case filing service, on [date]. Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

- 10 -

LA 51053650

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 29, 2008, at Los Angeles, California.

Colleen DeLee
[Type or Print Name]                                   [Signature]

LA 51053650