1  STROOCK & STROOCK & LAVAN LLP
   MICHAEL F. PERLIS (State Bar No. 095992)
2  EMAIL: MPERLIS@STROOCK.COM
   ALLAN S. COHEN (State Bar No. 115532)
3  ACOHEN@STROOCK.COM
   RICHARD R. JOHNSON (State Bar No. 198117)
4  EMAIL: RJOHNSON@STROOCK.COM
   2029 Century Park East
5  Los Angeles, CA  90067-3086
   Telephone:  310-556-5800
6  Facsimile:  310-556-5959
   lacalendar@stroock.com
7

8  Attorneys for Defendant
    FEDERAL INSURANCE COMPANY
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12               **SAN FRANCISCO DIVISION**

13

14  CALIFORNIA CASUALTY          )  Case No. CV 08-2701 VRW
    INSURANCE COMPANY,           )
15                               )  [Assigned to the Honorable Vaughn R.
                                 )  Walker]
16          Plaintiff,           )
                                 )  **DECLARATION OF JEFFREY**
17      vs.                      )  **GUNCHICK IN SUPPORT OF**
                                 )  **DEFENDANT FEDERAL**
18  FEDERAL INSURANCE COMPANY,   )  **INSURANCE COMPANY'S**
    DOES 1-10, ROES 1-10, AND MOES 1- )  **MOTION FOR SUMMARY**
19  10, inclusive                )  **JUDGMENT OR, IN THE**
                                 )  **ALTERNATIVE, SUMMARY**
20                               )  **ADJUDICATION**
            Defendant.           )
21                               )  Date:      December 11, 2008
                                 )  Time:      2:30 p.m.
22                               )  Ctrm:      6
                                 )
23                               )
                                 )  [Notice of Motion and Motion for
24                               )  Summary Judgment; Memorandum in
                                 )  Support of Motion; Request for Judicial
25                               )  Notice filed; and [Proposed] Order lodged
                                 )  concurrently]
26  ─────────────────────────── )

27                    **PART 1 OF 2**

28
    LA 51076419
    ─────────────────────────────────────────────
    DECLARATION OF JEFFREY GUNCHICK IN SUPPORT DEFENDANT FEDERAL INSURANCE COMPANY'S
    MOTION FOR SUMMARY JUDGMENT
                                          (Case No. 08-CV-2701-VRW)

**DECLARATION OF JEFFREY GUNCHICK**

I, Jeffrey Gunchick, hereby declare:

1.    I am currently employed by Chubb & Son, a division of Federal Insurance Company ("Federal"), as a Claims Examiner. I submit this declaration in support of Defendant Federal's Motion for Summary Judgment Or, In the Alternative, Summary Adjudication. I have personal knowledge of the facts set forth herein, and if called as a witness I would competently testify to these facts.

2.    I was assigned the claims file maintained by Federal pertaining to the Harold lawsuit[1] filed against Federal's insured, California Casualty Insurance Company ("California Casualty"). As a result of the claims file being assigned to me, I am familiar with the contents of the claims file maintained in connection with the Harold lawsuit. Each of the exhibits set forth below were maintained by Federal in the claims file.

3.    Attached hereto as Exhibit "1" is a true and correct copy of an email dated June 2, 2006 from Lori Fisher, legal assistant to Robert McLay of Hayes, Davis, Ellingson, McLay & Scott, LLP (attorneys for California Casualty in the Harold lawsuit), to me, which attached, *inter alia*, jury instructions lodged in the Harold lawsuit (the "Jury Instructions").

4.    Attached hereto as Exhibit "2" is a true and correct copy of a letter dated April 9, 2008 from Eva Kuhn of California Casualty Management Co. (Attorney in Fact and Manager for California Casualty) to me.

5.    Attached hereto as Exhibit "3" is a true and correct copy of a letter dated July 6, 2007 from me to Eva Kuhn.

Executed this 20th day of August 2008 at Los Angeles, California.

Jeffrey Gunchick

[1] James Harold, et al. v. California Casualty Insurance Company, et al., Cal. Super. Ct., Case No. 02AS04291.

DECLARATION OF JEFFREY GUNCHICK IN SUPPORT DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

LA 51076419                                                        (Case No. 08-CV-2701-VRW)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# EXHIBIT 1



"Lori Fisher"
<lfisher@hayesdavis .com>
06/02/2006 12:38 PM

To   <jgunchick@chubb .com>

cc   "Robert S. McLay" <rmclay@hayesdavis.com>, "Stephen M.
     Hayes" <shayes@hayesdavis .com>, "Cherie M. Sutherland"
     <csutherland@hayesdavis.com>, "EKuhn@Aplus.com"
     <'EKuhn@Aplus.com'>

bcc

Subject   FW: Harold Jury Instructions

Mr. Gunchick,

Bob McLay and Steve Hayes asked that I forward these Jury Instructions to you.  Please let me
know if you have trouble opening any of the attachments.


Lori D. Fisher
Legal Assistant to Robert S. McLay and Cherie M. Sutherland
HAYES, DAVIS, ELLINGSON, McLAY & SCOTT, LLP
400 Capitol Mall, 9th Floor
Sacramento, CA  95814
Telephone:  916.449.3958
Facsimile:   916.449.8257
www.hayesdavis.com

**From:** Lori Fisher
**Sent:** Tuesday, May 02, 2006 2:46 PM
**To:** 'mbonino@ropers.com'; Stephen M. Hayes
**Cc:** Robert S. McLay
**Subject:** FW: Harold Jury Instructions

Mr. Bonino,

Bob McLay has asked me to forward these Jury Instructions to you.  Please let me know if you have
trouble opening the attachments.

Lori D. Fisher
Legal Assistant to Robert S. McLay and Cherie M. Sutherland
HAYES DAVIS ELLINGSON McLAY & SCOTT, LLP
400 Capitol Mall, 9th Floor
Sacramento, CA  95814
Telephone:  916.449.3958
Facsimile:   916.449.8257
www.hayesdavis.com




**From:** Robert S. McLay

EXHIBIT____1____PAGE_2___

**Sent:** Friday, April 21, 2006 5:15 AM
**To:** Lori Fisher; Cherie M. Sutherland
**Subject:** FW: Harold Jury Instructions


**From:** Marcia Berardi [mailto:mcberardi@comcast.net]
**Sent:** Thursday, April 20, 2006 10:56 PM
**To:** Robert S. McLay; renabnit@msll.com
**Subject:** Harold Jury Instructions

Hi Bob, Ron -----

Attached are the updated Jury Instructions. Again, these are NOT given in order at this time and include both the instruction number and title for easy reference. The copies you will be provided tomorrow will be text only and in order.

# 111, 405, and 2021a have been removed as agreed.

# 300 (includes Bob's current change), 1901, 3930, MB 23.250, plaintiffs' Spec. 5, 13, and 16 have been changed as agreed.

# 406, 431, and 3708 have been changed and will be discussed tomorrow.

Good evening, gentlemen.

Marcia

042006 FINAL SET - A.rtf   042006 FINAL SET - B.rtf   CCIC INST 042006.doc

EXHIBIT __1__ PAGE __3__

## 106. Evidence

---

Sworn testimony, documents, or anything else may be admitted into evidence. You must decide what the facts are in this case from the evidence you see or hear during the trial. You may not consider anything that you see or hear when court is not in session, even something done or said by one of the parties, attorneys, or witnesses.

What the attorneys say during the trial is not evidence. In their opening statements and closing arguments, the attorneys will talk to you about the law and the evidence. What the lawyers say may help you understand the law and the evidence, but their statements and arguments are not evidence.

The attorneys' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because an attorney's question suggests that it is true. However, the attorneys for both sides can agree that certain facts are true. This agreement is called a "stipulation." No other proof is needed and you must accept those facts as true in this trial.

Each side has the right to object to evidence offered by the other side. If I do not agree with the objection, I will say it is overruled. If I overrule an objection, the witness will answer and you may consider the evidence. If I agree with the objection, I will say it is sustained. If I sustain an objection, you must ignore the question. If the witness did not answer, you must not guess what he or she might have said or why I sustained the objection. If the witness has already answered, you must ignore the answer.

There will be times when I need to talk to the attorneys privately. Do not be concerned about our discussions or try to guess what is being said.

EXHIBIT \_1\_ PAGE \_4\_

An attorney may make a motion to strike testimony that you have heard. If I grant the motion, you must totally disregard that testimony. You must treat it as though it did not exist.

EXHIBIT   1   PAGE  5

## 107. Witnesses

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is to the case. You may believe all, part, or none of a witness's testimony.

In deciding whether to believe a witness's testimony, you may consider, among other factors, the following:

(a)     How well did the witness see, hear, or otherwise sense what he or she described in court?

(b)     How well did the witness remember and describe what happened?

(c)     How did the witness look, act, and speak while testifying?

(d)     Did the witness have any reason to say something that was not true? Did the witness show any bias or prejudice? Did the witness have a personal relationship with any of the parties involved in the case? Does the witness have a personal stake in how this case is decided?

(e)     What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

EXHIBIT 1 PAGE 6

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other. If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of his or her race, sex, religion, occupation, sexual orientation, or national origin.

## 200. Obligation to Prove—More Likely True Than Not True

A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true. This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

EXHIBIT  1  PAGE  8

## 202. Direct and Indirect Evidence

Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion.

Some evidence proves a fact directly, such as testimony of a witness who saw a jet plane flying across the sky. Some evidence proves a fact indirectly, such as testimony of a witness who saw only the white trail that jet planes often leave. This indirect evidence is sometimes referred to as "circumstantial evidence." In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.

EXHIBIT __1__ PAGE __9__

### 203. Party Having Power to Produce Better Evidence

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

EXHIBIT  1  PAGE  10

## 205. Failure to Explain or Deny Evidence

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or deny unfavorable evidence may suggest that the evidence is true.

EXHIBIT___1___PAGE___11___

## 208. Deposition as Substantive Evidence

During the trial, you heard testimony read from a deposition. A deposition is the testimony of a person taken before trial. At a deposition the person is sworn to tell the truth and is questioned by the attorneys. You must consider the deposition testimony that was read to you in the same way as you consider testimony given in court.

EXHIBIT __1__ PAGE __12__

### 209. Use of Interrogatories of a Party

Before trial, each party has the right to ask the other parties to answer written questions. These questions are called interrogatories. The answers are also in writing and are given under oath. You must consider the questions and answers that were read to you the same as if the questions and answers had been given in court.

EXHIBIT ___1___ PAGE ___13

## 212. Statements of a Party Opponent

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1.  Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

2.  If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

EXHIBIT 1 PAGE 14

### 2.26 BAJI Admissions Implied From Silence or Evasion

---

If you find that following the incident involved in this case that a party (1) failed to reply to a statement concerning that party's conduct in relation to the incident; (2) heard and understood the statement; (3) had a reasonable opportunity to reply; (4) was in a physical and mental condition such that a reasonable person in that condition could be expected to reply; and (5) the statement was made under circumstances that would normally call for an answer, you may, but are not required to, infer that the party adopted the statement or believed it to be true.

If you do not find each of the five circumstances to be true, you must disregard any evidence of the party's silence or evasive answer.



## 219. Expert Witness Testimony

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

1.    The expert's training and experience;

2.    The facts the expert relied on; and

3.    The reasons for the expert's opinion.

EXHIBIT ____ PAGE ____

## 220. Experts—Questions Containing Assumed Facts

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

EXHIBIT  1  PAGE  17

### 221. Conflicting Expert Testimony

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

EXHIBIT __1__ PAGE __18__

## 300. Essential Factual Elements

James Harold and D. Lee Harold claim that they and California Casualty entered into a contract for homeowner insurance coverage.

James Harold and D. Lee Harold claim that California Casualty breached this contract by failing to do any of the following:

1.  Pay the replacement cost of the building, or any parts of it, up to 150% of the coverage A limit;

2.  Pay the amount actually and necessarily spent to repair or replace the building or any parts of it;

3.  Pay the plaintiffs the actual cash value of the damage;

4.  To repair after opting to repair;

5.  Timely pay the plaintiffs policy benefits;

6.  Conduct a thorough investigation of the loss.

James Harold and D. Lee Harold also claim that California Casualty's breach of this contract caused harm to James Harold and D. Lee Harold for which California Casualty should pay.

EXHIBIT  1  PAGE 19

California Casualty claims that it did not reach the insurance contract since it was allowed to pay for a claim in the following manner:

      b.      Buildings under Coverage A or B at replacement cost without deduction for depreciation. We will pay no more than the smaller of the following amounts for equivalent construction and use of the same premises:

           (1) The replacement cost of the building or any parts of it up to 150% of the Coverage A limit; or

           (2) The amount actually and necessarily spent to repair or replace the building or any parts of it.

All other provisions of this policy apply.

California Casualty shall not be liable for more than the applicable limit of liability.

California Casualty further claims that it appropriately complied with all other policy provisions.

EXHIBIT \_\_1\_\_ PAGE 20

## 103. Multiple Parties

There are two plaintiffs in this trial. You should decide the case of each plaintiff separately as if it were a separate lawsuit. Each plaintiff is entitled to separate consideration of his or her own claim(s). Unless I tell you otherwise, all instructions apply to each plaintiff.

There are two defendants in this trial. You should decide the case against each defendant separately as if it were a separate lawsuit. Each defendant is entitled to separate consideration of his or her own defenses. Unless I tell you otherwise, all instructions apply to each defendant.



**104. Non-Person Party**

A corporation, California Casualty and a corporation, Westmont Construction, Inc., are parties in this lawsuit. California Casualty and Westmont Construction, Inc. are entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to California Casualty and Westmont Construction, Inc.


EXHIBIT 1 PAGE 22

### 303. Breach of Contract—Essential Factual Elements

To recover damages from California Casualty for breach of contract, James Harold and D. Lee Harold must prove all of the following:

1.   That James Harold and D. Lee Harold and California Casualty entered into a contract;

2.   That James Harold and D. Lee Harold did all, or substantially all of the significant things that the contract required them to do;

3.   That all conditions required for California Casualty's performance had occurred;

4.   That California Casualty failed to do something that the contract required it to do; and

5.   That James Harold and D. Lee Harold were harmed by that failure.

EXHIBIT 1 PAGE 23

### 315. Interpretation—Meaning of Ordinary Words

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

EXHIBIT __1__ PAGE __24__

### 319. Interpretation—Reasonable Time

If a contract does not state a specific time in which the parties are to meet the requirements of the contract, then the parties must meet them within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter of the contract, the reasons each party entered into the contract, and the intentions of the parties at the time they entered the contract.

EXHIBIT __1__ PAGE __25__

## 325. Breach of Covenant of Good Faith and Fair Dealing
## Essential Factual Elements

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms the contract. James Harold and D. Lee Harold claim that California Casualty violated the duty to act fairly and in good faith. To establish this claim, James Harold and D. Lee Harold must prove all of the following:

1.    That all conditions required for California Casualty's performance had occurred;

2.    That California Casualty unfairly interfered with James Harold's and D. Lee Harold's right to receive the benefits of the contract; and

3.    That James Harold and D. Lee Harold were harmed by California Casualty's conduct.

EXHIBIT 1 PAGE 26

### 350. Introduction to Contract Damages

---

If you decide that James Harold and D. Lee Harold have proved their claim against California Casualty for breach of contract, you also must decide how much money will reasonably compensate James Harold and D. Lee Harold for the harm. This compensation is called "damages." The purpose of such damages is to put James Harold and D. Lee Harold in as good a position as they would have been if California Casualty had performed as promised.

To recover damages for any harm, James Harold and D. Lee Harold must prove:

1.    That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2.    That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

James Harold and D. Lee Harold also must prove the amount of their damages according to the following instructions.  They do not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

EXHIBIT ___1___ PAGE __2__

## 1. Written Contract Requirement

At the time Westmont Construction, Inc. performed work on the Harolds' home, Business and Professions Code § 7159 provided that a contract between a homeowner and a contractor to perform work on a home must have been in writing if the contract price, including all labor, services, and materials to be furnished by the contractor, was in excess of $500.

EXHIBIT  1  PAGE  28

## 400. Essential Factual Elements

James Harold and D. Lee Harold claim that they were harmed by California Casualty's and Westmont Construction, Inc.'s negligence. To establish this claim, James Harold and D. Lee Harold must prove all of the following:

1.   That California Casualty and Westmont Construction, Inc. were negligent;

2.   That James Harold and D. Lee Harold were harmed; and

3.   That California Casualty's and Westmont Construction, Inc.'s negligence was a substantial factor in causing James Harold's and D. Lee Harold's harm.

EXHIBIT __1__ PAGE __29__

## 401. Basic Standard of Care

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in California Casualty's, Westmont Construction, Inc.'s, and James Harold and D. Lee Harold's situation.

EXHIBIT 1 PAGE 30

### 411. Reliance on Good Conduct of Others

Every person has a right to expect that every other person will use reasonable care, unless he or she knows, or should know, that the other person will not use reasonable care.

EXHIBIT __1__ PAGE __31__

### 413. Custom or Practice

---

You may consider customs or practices in the community in deciding whether California Casualty acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in California Casualty's situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

EXHIBIT 1 PAGE 32

## 430. Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

EXHIBIT  1  PAGE 33

### 431. Causation: Multiple Causes

A person's fault may combine with another factor to cause harm. If you find that California Casualty's and Westmont Construction, Inc.'s fault was a substantial factor in causing James Harold's and D. Lee Harold's harm, then California Casualty and Westmont Construction, Inc. are responsible for James Harold's and D. Lee Harold's harm. California Casualty and Westmont Construction, Inc. cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing James Harold's and D. Lee Harold's harm.

EXHIBIT ___ 1 ___ PAGE ___ 34

## 1901. Concealment

James Harold and D. Lee Harold claim that they were harmed because California Casualty and/or Westmont Construction, Inc. concealed the Anderson mold report. To establish this claim, James Harold and D. Lee Harold must prove all of the following:

1.     That California Casualty and/or Westmont Construction, Inc. disclosed some facts to James Harold and D. Lee Harold but intentionally failed to disclose the Anderson report, making the disclosure deceptive;

2.     That James Harold and D. Lee Harold did not know of the concealed facts;

3.     That California Casualty and/or Westmont Construction, Inc. intended to deceive James Harold and D. Lee Harold by concealing the facts;

4.     That James Harold and D. Lee Harold reasonably relied on California Casualty and/or Westmont Construction, Inc.'s deception;

5.     That James Harold and D. Lee Harold were harmed; and

6.     That California Casualty and/or Westmont Construction, Inc.'s concealment was a substantial factor in causing James Harold's and D. Lee Harold's harm.

EXHIBIT __1__ PAGE 35

## 1905. Definition of Important Fact/Promise

A fact is important if it would influence a reasonable person's judgment or conduct. A fact is also important if the person who represents it knows that the person to whom the representation is made is likely to be influenced by it.

EXHIBIT __1__ PAGE __36__

## 1907. Reliance

James Harold and D. Lee Harold relied on California Casualty's and Westmont Construction, Inc.'s concealment if it caused them to (1) regularly enter their home in order to obtain supplies and for other reasons, thereby unknowingly exposing themselves to toxic mold and bacteria, and that they would probably have acted differently without such concealment; or (2) caused them not hire qualified mold remediators during the period that Westmont Construction, Inc. and California Casualty both knew the home was contaminated with mold.

It is not necessary for a concealment to be the only reason for James Harold's and D. Lee Harold's conduct. It is enough if a concealment substantially influenced James Harold's and D. Lee Harold's choice, even if it was not the only reason for their conduct.

f

EXHIBIT    1    PAGE 37

## 1908. Reasonable Reliance

You must determine the reasonableness of James Harold's and D. Lee Harold's reliance by taking into account their mental capacity, knowledge, and experience.

EXHIBIT ___1___ PAGE___38

## 2330. Implied Obligation of Good Faith and Fair Dealing Explained

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement.

To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

EXHIBIT   1   PAGE 39

### 2331. Breach of the Implied Obligation of Good Faith and Fair Dealing

### Failure or Delay in Payment—Essential Factual Elements (Modified)

James Harold and D. Lee Harold claim that California Casualty breached the obligation of good faith and fair dealing by unreasonably failing and/or delaying payment of insurance benefits. To establish this claim, James Harold and D. Lee Harold must prove all of the following:

1.    That James Harold and D. Lee Harold suffered a loss covered under an insurance policy with California Casualty;

2.    That California Casualty was notified of the loss;

3.    That California Casualty unreasonably delayed payment of policy benefits;

4.    That James Harold and D. Lee Harold were harmed; and

5.    That California Casualty's unreasonable delay in payment of policy benefits was a substantial factor in causing James Harold's and D. Lee Harold's harm.

EXHIBIT ___1___ PAGE ___40___

### 2332. Bad Faith (First Party)—Failure to Properly Investigate Claim—Essential Factual Element (Modified)

James Harold and D. Lee Harold claim that California Casualty breached the obligation of good faith and fair dealing by failing to properly investigate their loss. To establish this claim, James Harold and D. Lee Harold must prove all of the following:

1.   That James Harold and D. Lee Harold suffered a loss covered under an insurance policy with California Casualty;

2.   That James Harold and D. Lee Harold notified California Casualty of the loss;

3.   That California Casualty unreasonably failed to properly investigate the loss and delayed payment of insurance benefits;

4.   That James Harold and D. Lee Harold were harmed; and

5.   That California Casualty's unreasonable failure to properly investigate the loss was a substantial factor in causing James Harold's and D. Lee Harold's harm.

When investigating a claim, an insurance company has a duty to diligently search for, and to consider, evidence that supports an insured's claimed loss. An insurance company may not reasonably and in good faith delay payments to its insured without thoroughly investigating the claim.

EXHIBIT __1__ PAGE 41

**2333. Bad Faith (First Party)—Breach of Duty to Inform Insured of Rights—Essential Factual Elements (Modified)**

James Harold and D. Lee Harold claim that California Casualty breached the obligation of good faith and fair dealing by failing to reasonably inform them of their rights and obligations under an insurance policy. To succeed, James Harold and D. Lee Harold must prove all of the following:

1. That James Harold and D. Lee Harold suffered a loss covered under an insurance policy with California Casualty;

2. That California Casualty delayed payment or refused to pay James Harold's and D. Lee Harold's loss;

3. That under the policy James Harold and D. Lee Harold had the right to choose the Certified Industrial Hygienist of their choice to develop a protocol and supervise the remediation of their home and their right to temporary living quarters of like-kind to those of their home;

4. That California Casualty did not reasonably inform James Harold and D. Lee Harold of their right to choose the Certified Industrial Hygienist of their choice to develop a protocol and supervise the remediation of their home and their right to temporary living quarters of like-kind to those of their home;

5. That James Harold and D. Lee Harold were harmed; and

EXHIBIT 1 PAGE 42

6. That California Casualty's failure to reasonably inform James Harold and D. Lee Harold was a substantial factor in causing their harm

## 2350. Damages for Bad Faith

---

If you decide that James Harold and D. Lee Harold have proved their claim against California Casualty, you also must decide how much money will reasonably compensate James Harold and D. Lee Harold for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by California Casualty, even if the particular harm could not have been anticipated.

James Harold and D. Lee Harold must prove the amount of their damages. However, James Harold and D. Lee Harold do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

EXHIBIT 1 PAGE 43

## 3700. Introduction

A corporation is responsible for harm caused by the wrongful conduct of its employees and agents while acting within the scope of their employment.

EXHIBIT ___1___ PAGE ___44___

## 3703. Legal Relationship Not Disputed (Modified)

In this case Vernon Moulton, Yale Moulin, Melvyn Gantman, Trudy Howell, David Carls, and Robert McLay were the agents of California Casualty.

California Casualty is responsible for any harm to James Harold and D. Lee Harold caused by Vernon Moulton, Yale Moulin, Melvyn Gantman, Trudy Howell, David Carls, or Robert McLay's conduct.

EXHIBIT ___1___ PAGE ___45___

## 3900. Introduction to Tort Damages—Liability Contested

If you decide that James Harold and D. Lee Harold have proved their claim against California Casualty or Westmont Construction, Inc., you also must decide how much money will reasonably compensate James Harold and D. Lee Harold for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by California Casualty's or Westmont Construction, Inc.'s wrongful conduct, even if the particular harm could not have been anticipated.

James Harold and D. Lee Harold do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

EXHIBIT  1  PAGE  46

## 2300. Breach of Contractual Duty to Pay a Covered Claim—Essential Factual Elements

James Harold and D. Lee Harold claim that California Casualty breached its duty to pay them for a loss covered under an insurance policy. To establish this claim, James Harold and D. Lee Harold must prove all of the following:

1. That James Harold and D. Lee Harold suffered a loss, which was covered under an insurance policy with California Casualty;

2. That California Casualty was notified of the loss as required by the policy; and

3. The amount of the covered loss that California Casualty failed to pay.

EXHIBIT 1 PAGE 47

### 3902. Economic and Noneconomic Damages

---

The damages claimed by James Harold and D. Lee Harold for the harm caused by California Casualty and Westmont Construction, Inc. fall into two categories called economic damages and non-economic damages. You will be asked on the verdict form to state the two categories of damages separately.

EXHIBIT 1 PAGE 48

### 3903. Items of ~~Economic Damage~~

---

The following are the specific items of economic damages claimed by James Harold and D. Lee
Harold:

~~The cost to rebuild their home to its pre-loss condition;~~

2.    The ~~cost of rent that~~ they have incurred since November 2002;

3.    The ~~cost of utilities, water, and garbage that~~ they have incurred since November
2002;

4.    The ~~cost for maintaining the pool at their house~~ since November 2002;

5.    The ~~cost of the storage units~~ rented by the Harolds since November 2002;

6.    ~~The amounts due James Harold and D. Lee Harold under the insurance policy~~
would be applicable to California Casualty only.

~~No fixed standard exists for deciding the amount of damages for pain and suffering.~~ You must
use your judgment to decide a reasonable amount based on the evidence and your common sense.
~~In order to recover for future pain and suffering, Ja~~mes Harold must prove that he is reasonably certain to
suffer that harm.

You must use your judgment to decide a reasonable amount based on the evidence and your
common sense.

EXHIBIT  1  PAGE  49

### 3903F. Damage to Real Property (Economic Damage)

To recover damages for harm to property, James Harold and D. Lee Harold must prove the reduction in the property's value or the reasonable cost of repairing the harm.

To determine the reduction in value, you must determine the fair market value of the property before the harm occurred and then subtract the fair market value of the property immediately after the harm occurred. The difference is the reduction of value.

"Fair market value" is the highest price for the property that a willing buyer would have paid to a willing seller, assuming:

    1.    That there is no pressure on either one to buy or sell;

    2.    That the buyer and seller know all the uses and purposes for which the property is reasonably capable of being used; and

If James Harold and D. Lee Harold have a genuine desire to restore the property for personal reasons, and if the costs of rebuild are reasonable given the damage to the property and the value after restoration, then the costs of rebuild may be awarded even if they exceed the property's loss of value.

### 3905. Items of Noneconomic Damage

---

The following are the specific items of noneconomic damages claimed by 

~~1.     Past and present emotional and mental distress and anxiety;~~

2.     ~~Future emotional and mental distress and anxiety;~~

3.     Past ~~physical harm pain, and suffering;~~

4.     ~~Past, present, and future interference with use and enjoyment of property;~~

5.     ~~Past difficulty sleeping and loss of appetite;~~

EXHIBIT 1 PAGE 51

**3903G. Loss of Use of Real Property (Economic Damage)**

---

~~The loss of use of James Harold's and D. Lee Harold's home~~

To recover damages for the loss of use, James Harold and D. Lee Harold ~~must prove the~~ ~~reasonable cost to rent a like property for the time when they could not use their own property~~

EXHIBIT 1 PAGE 52